# Morgan Lewis

**Brent A. Hawkins**
Partner
+1.415.442.1449
brent.hawkins@morganlewis.com

March 5, 2020

*Via the Court's CM/ECF system and e-mail*

The Honorable Alan D. Albright
800 Franklin Avenue
Room 301
Waco, TX 76701

Re:   *Intellectual Tech LLC v. Zebra Techs. Corp.*, Case No. 1:19-cv-00628-ADA (W.D. Tex.)

Dear Judge Albright:

Pursuant to Your Honor's instructions on our March 2, 2020 telephonic discovery hearing, we submit this letter identifying deficiencies in Intellectual Tech's infringement contentions served on January 23, 2020. As detailed below, Intellectual Tech's infringement contentions do not comply with the Court's Order Governing Proceedings – Patent Case (Dkt. 11) ("Patent Rules") or provide Zebra with notice sufficient to prepare its defenses.[1]

**Failure to Provide Representative Infringement Contentions**

Intellectual Tech has failed to provide infringement contention charts for each accused product or explain why the accused products it did chart are representative for every accused product identified in its invalidity contention cover pleading. This is insufficient under the Court's Patent Rules and governing patent law principles which require that Intellectual Tech "serve preliminary infringement contentions in the form of a chart setting forth where in *the accused product(s)* each element of the asserted claim(s) are found." Patent Rules, Section 2 (emphasis added); *see Slingshot Printing, LLC v. HP, Inc.*, Case No. W-19-cv-363-ADA, Feb. 7, 2020 Telephonic Hearing Tr. at 16:6-15 (Exhibit A) ("for . . . any plaintiff's infringement contentions to be adequate . . . He either needs to have . . . infringement contentions . . . for each [accused product], or he needs to say, I have given you the infringement contentions for [accused product] No. 1 and here's why I believe it's representative of the others."); *see, e.g., Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 823 (E.D. Tex. 2007) (striking the plaintiff's infringement contentions against the Microsoft Vista product because the plaintiff only

---

[1] Zebra submits this letter without assuming any burden of proof for infringement that should be place on Intellectual Tech. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 193 (2014) ("A patentee ordinarily bears the burden of proving infringement.") (citing *Agawam Co. v. Jordan*, 7 Wall. 583, 609, 19 L.Ed. 177 (1869)).

Morgan, Lewis & Bockius LLP

One Market
Spear Street Tower
San Francisco, CA  94105-1596     ☏ +1.415.442.1000
United States                      ℻ +1.415.442.1001

Honorable Alan D. Albright
March 4, 2020
Page 2

charted the Microsoft Windows XP product, and it was undisputed that Vista and Windows XP are only 70 percent similar).

Intellectual Tech identified general categories of accused products but failed to explain why the charted products are representative of the other accused products.

Intellectual Tech's approach is deficient because many accused products in these general categories do not contain the identified features of the representative product charted.  For instance, Intellectual Tech identified the following eight accused products as "mobile computers," but only provided an infringement chart for the Android-based products, identified in blue:

| **Product Category** | **Product** | **OS** |
|---|---|---|
| Mobile Computers | MC3300 | Android |
| | MC3330R | Android |
| | MC3390R | Android |
| | MC9190-Z RFID | Windows |
| | MC9200 | Android or Windows |
| | MC9300 | Android |
| | Workabout Pro 4 | Windows |
| | OMNI XT15 | Windows |

As noted in the table, the products Intellectual Tech charted in the "mobile computers" category run the Android operating system.  For numerous claim elements, Intellectual Tech's infringement contentions identify certain software applications that only run on Android-based products.  Those same software applications are not compatible with Zebra's Windows-based products and Intellectual Tech's infringement contention chart for this category is not representative of these products.

For example, the accused Zebra Workabout Pro 4 runs Windows CE.  Intellectual Tech's infringement chart for "mobile computers" alleges that the Workabout Pro 4 infringes claims 50, 71-73, 117, 129, 144 and 147 based on a software application called "Mobility Extensions (MX)" as well as Zebra's "Mobility DNA" application suite.  This software, as noted in Intellectual Tech's Infringement Contentions, runs on "Zebra's Android-based mobile computer."

Honorable Alan D. Albright
March 4, 2020
Page 3



Therefore, because the identified "Mobility Extensions (MX)" and "Mobility DNA" application suite cannot run on the Workabout Pro 4 or any of Zebra's other Windows-based products, the charts provided do not identify Intellectual Tech's infringement theory for these Windows-based products.

As another example, the accused Zebra OMNI XT15 similarly does not include the software identified in Intellectual Tech's infringement contention. Intellectual Tech identified Zebra's DataWedge software application as meeting a limitation found in all 72 asserted claims. However, the accused Zebra OMNI XT15 mobile computer does not include the identified DataWedge software. As a result, Intellectual Tech has not identified in its infringement contentions where in the accused Zebra OMNI XT15 product meets this limitation.

Honorable Alan D. Albright
March 4, 2020
Page 4

**Deficient Infringement Contentions**

Those infringement charts that Intellectual Tech actually provided fail to sufficiently specify Intellectual Tech's infringement theory. For numerous claim limitations, Intellectual Tech's charts do not identify any product feature whatsoever that allegedly performs the asserted limitation—much less "set[] forth where" the limitation is allegedly found within each Accused Product.

For example, claims 50, 117, 138, 144, 146 and 147 require identification of a "security device" in communication with an "RFID base unit." *See* Exhibit B at pp. 3–5, 23–25, 29–34 ("Preliminary Infringement Chart for U.S. Patent No. 7,233,247"). Intellectual Tech, however, has failed to point to anything it contends is a "security device." Instead, Intellectual Tech points to software on the accused products and states "discovery will show that Zebra's MX can also access Zebra's mobile platforms to tailor them for specific applications such as security or safety applications." Ex. B at p. 4. Intellectual Tech's generic recitation of "security or safety applications" does not sufficiently identify how these claim limitations are met.

As another example, claims 67, 70, 71, 72, 73, 82, 129, 149, 150, 154 and 157 require identification of an "automated device" in communication with an "RFID base unit." *See* Ex. B at pp. 6–22, 26–28, 35–48. Once again, Intellectual Tech merely points to a software application on the accused device and states discovery will show this application is capable of meeting the claim limitation:

> For example, Zebra's DataWedge allows integration of data captured using the MC Mobile Computer' peripherals, including its camera and NFC reader, and the ability to send data and perform custom actions based on characteristics of the captured data. Further, Intellectual Tech believes that discovery will show this ability to send data and perform actions includes sending data to other devices (including RFID base units), and includes the ability to send commands to enable/disable or engage/disengage other devices.

Ex. B at p. 7. In essence, Intellectual Tech is asserting software on the accused products may be capable of infringing without conducting any analysis or investigation into the operation of that software or the types of devices the accused products operate with. This information should have been analyzed and identified during Intellectual tech's pre-suit investigation, especially considering Intellectual Tech is in possession of many of the accused products.

Because Intellectual Tech's infringement contentions are insufficient, Zebra cannot prepare its defenses and responsive invalidity contentions. Therefore, Zebra respectfully request that the Court compel Intellectual Tech to provide the following:

1. An infringement contention chart for at least the Workabout Pro 4;

2. An infringement contention chart for at least the OMNI XT15;

3. An infringement contention chart for all other accused products or an analysis explaining why Intellectual Tech's charts are representative of all accused products; and

Honorable Alan D. Albright
March 4, 2020
Page 5

4. Updated infringement contention charts setting forth where in the accused products each and every element of the asserted claims are found.

Sincerely,

Brent A. Hawkins

BAH/jkc

cc: Elizabeth Chiaviello (elizabeth.chiaviello@morganlewis.com)
James Kritsas (james.kritsas@morganlewis.com)
Hersh Mehta (hersh.mehta@morganlewis.com)
Amanda Williamson (amanda.williamson@morganlewis.com)
Gary Sorden (GSorden@coleschotz.com)

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on March 5, 2020, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case via the Court's CM/ECF system per Local Rule CV-5.

By:    */s/ Brent A. Hawkins*
        Brent A. Hawkins
