**sIN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL TECH LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:19-cv-00628-ADA |
| | § | **JURY TRIAL DEMANDED** |
| ZEBRA TECHNOLOGIES | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**PROTECTIVE ORDER**

WHEREAS Plaintiff Intellectual Tech LLC and Defendant Zebra Technologies Corporation (collectively, the "Parties") believe that this action may involve the disclosure of trade secret, confidential business, or other proprietary information;

WHEREAS the Parties therefore seek a Protective Order limiting disclosure thereof pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

Therefore, it is hereby stipulated among the Parties and ORDERED by the Court as follows:

**1.     PURPOSES AND LIMITATIONS**

(a)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or

does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## 2.     DEFINITIONS

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.  However, "Outside Counsel" expressly precludes any attorneys who also serve as In-house Counsel and/or who are members, officers, or directors of a Party or who are employed full time by a Party.

(c)     "In-house Counsel" means attorneys who are employees of a Party and are working on this litigation, and includes supporting personnel employed by those counsel, such as paralegals, but specifically excludes any inventor of a patent-in-suit.  For a Party that does not employ any attorneys, In-house Counsel may include one (1) non-attorney individual working on this litigation as an employee as that Party, but specifically excludes any inventor of a patent-in-suit.

(d)     "Patent-in-suit" means U.S. Patent No. 7,233,247 (inclusive of its *Ex Parte* Reexamination Certificate), and any other patent asserted in this action.

(e)     "Party" means any Party to this case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staff.

(f)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(g)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," as provided for in this Order.  Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(h)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(i)    "Source Code" means computer code, scripts, assembly code, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, netlists, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, mask data design and fabrication computer files stored in a "GDS" or related file format, process-flow documents related to the fabrication of circuit boards, and other documents that provide the same definition or detailed description of the algorithms or structures of software or hardware designs.

## 3.    COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

## 4.    SCOPE

(a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in Court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5.     DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a Court order otherwise directs.

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination, reissue, *inter partes* review, covered business method review, or other post-grant review proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

(b)     Patent Prosecution Bar.  Absent the written consent of the Producing Party, any attorney representing Plaintiff who is permitted to receive, and in fact receives, any of Defendant's materials designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"

or "HIGHLY CONFIDENTIAL – SOURCE CODE" and is directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively, "HIGHLY SENSITIVE TECHNICAL MATERIAL"), in accordance with this Order, shall not prepare, prosecute, or assist in the preparation or prosecution of any patent application pertaining to the subject matter of the asserted patents, before any foreign or domestic agency, including the United States Patent and Trademark Office on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for one year after a final judgment has been entered.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE TECHNICAL MATERIAL in accordance with this Order, and any individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, supervise, or assist in the preparation or prosecution of any patent application pertaining to the accused functionality.  These prohibitions shall not preclude Plaintiff's litigation counsel from participating in any *inter partes* review, reexamination, post grant review, reissue, or other review proceedings ("Post Grant Proceedings") including the drafting or amending of any claims or claim language in any Post Grant Proceedings involving the Patent-in-suit. For avoidance of doubt, if Plaintiff's litigation counsel is involved in Post Grant Proceedings specifically related to the Patent-in-suit, prior to seeking to amend or draft claims, Plaintiff's litigation counsel will provide a draft of the claim amendments and/or new claims and also provide an affidavit and evidentiary support showing the amendments cover publicly-available information to Defendant ("Proposed Amendments and/or Claims"). Once Defendant receives the Proposed Amendments and/or Claims, it has five (5) days to object to the Proposed Amendments. If Defendant understands that the Proposed Amendments and/or Claims includes third-party confidential

information disclosed in accordance with this Protective Order, the Parties will jointly notify the third-party who will also have standing to lodge its own objection with Plaintiff and have any resulting dispute decided by the Court. If Defendant or an affected third-party objects to the Proposed Amendments based upon this prosecution bar, then the Parties should meet and confer within five (5) days regarding any such objection and any resulting dispute(s) shall be decided by the Court before the Proposed Amendments can be filed in any Post Grant Proceedings. In addition, this Court shall retain jurisdiction over enforcement of this prosecution bar until terminated by the parties or this provision expires. These prohibitions shall begin when access to the HIGHLY SENSITIVE TECHNICAL MATERIALS are first received by the affected individual, and shall end one (1) year after the settlement and/or dismissal of the Producing Party Defendant from this action or the final non-appealable termination of this action.

(c)     Secure Storage, No Export.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" produced by a Defendant shall not be taken or reviewed outside the United States unless expressly agreed to in writing by the Producing Party.  If a deposition of a Producing Party's employee or Rule 30(b)(6) designee occurs outside the United States, that Producing Party's Protected Materials may be taken outside the United States solely for purposes of their use at that deposition.  Any materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" are subject to the restrictions in paragraph 11(c)(xi).

(d)     Legal Advice Based on Protected Material.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in

whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)     Limitations.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party:  (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.  However, if the accuracy of information is confirmed only through the review of Protected Material, then the information shall not be considered to be publicly known.  For example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not "publicly known" information.  Such information is explicitly included in the definition of "Protected Material" set forth in Paragraph 1(g) above.

## 7.     DESIGNATING PROTECTED MATERIAL

(a)     Available Designations.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(b)     Written Discovery and Documents and Tangible Things.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the

appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)     Native Files.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a Court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 12, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in this litigation a .tiff, .pdf, or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(d)     Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the

record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within twenty-one (21) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), or any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of

exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 8.      DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)      A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)      Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)      The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)      Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, In-house Counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not

transport them to or access them from any foreign jurisdiction, except that, for example, an expert or consultant may transport Protected Material outside of the United States for the purpose of providing support to outside counsel of a Party deposing employees of another Party or a third party resident overseas; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below.  If an unresolved objection to such disclosures exists, the Parties agree to promptly confer and use good faith to resolve any such objection.  Without the express prior written consent of the Party that produced the Protected Material, no expert or consultant retained by a Party in this matter shall have access to "CONFIDENTIAL" Discovery Material produced by another Party in this matter except as otherwise provided for in Section 6(g) herein;

(iv)    Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and Court personnel;

(vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)  Any mediator who is assigned to hear this matter and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party.

**9.     DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)     A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.   The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:   trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff; and

(ii)     The individuals listed in paragraphs 8(b)(iii–ix).

## 10.     DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – SOURCE CODE"

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY

CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff; and

(ii)     The individuals listed in paragraphs 8(b)(iii–vi and viii–ix).

## 11.     DISCLOSURE AND REVIEW OF SOURCE CODE

(a)     Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the office of its Outside Counsel, or any other location mutually agreed by the Parties.  Any Source Code that is produced by a Defendant will be produced at the offices of that Defendant's Outside Counsel, or any other location mutually agreed by the Parties, in electronic format.  Source Code will be made available for inspection between the hours of 8:00 a.m. and 5:30 p.m. on business days (*i.e.*, weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)     Prior to the first inspection of any requested Source Code, the Parties agree to meet and confer regarding the review and production of Source Code if requested by either Party.  Further, the Receiving Party shall provide ten (10) days' notice for its initial review of any Source Code that it wishes to inspect.  The Receiving Party shall provide two (2) days' notice prior to any additional inspections.

(c)     Source Code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Source Code Computer shall be password protected and shall have the Source Code stored on a hard drive contained inside the computer.  The supplier shall produce Source Code in computer searchable format on the Source Code Computer and in the file format in which the Source Code is kept in the ordinary course of the Producing Party's business.  If requested, the Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code.

(ii)     To the extent not provided below, the Receiving Party must provide the Producing Party with the CD, or DVD, or website link(s) containing the below-listed licensed

software tool(s) to be installed on the Source Code Computer(s).  Not later than ten (10) days

after the Receiving Party provides to the Producing Party the CD, DVD, or website link(s) for

the below-listed licensed software tools, the Producing Party must install and make the below

software tools available for use on the Source Code Computer(s).

| | | | |
|---|---|---|---|
| https://notepad-plus-plus.org/download/v6.9.2.html | Notepad++ | N/A | Free |
| https://cygwin.com/install.html [Default Install] | Cygwin | N/A | Free |
| https://get.adobe.com/reader/ | Adobe Reader | N/A | Free |
| http://ftp.gnome.org/pub/GNOME/sources/gedit/3.36/    OR<br><br>Type the command [**sudo apt-get install gedit**] without the brackets from the command line on review system with internet access and the software will be downloaded and installed automatically by the Linux OS | N/A | gedit | Free |
| http://www.libreoffice.org/download/libreoffice-fresh/ | LibreOffice (*) | LibreOffice (*) | Free |
| https://sourceforge.net/projects/cloc/files/cloc/v1.64/ | CLOC (*) | CLOC (*) | Free |
| https://www.visualstudio.com/vs/community/ | Visual Studio Community (*) | N/A | Free |
| http://winmerge.org/downloads/ | WinMerge (*) | N/A | Free |
| https://www.microsoft.com/en-us/download/details.aspx?id=51188 | MS Visio 2016 Viewer (*) | N/A | Free |
| https://www.powergrep.com/download.html | PowerGREP (*) | N/A | Keys to be provided |
| https://www.dtsearch.com/download.html | dtSearch | | Keys to be provided |
| https://developer.android.com/studio | Android Studio | | Free |
| https://git-scm.com/downloads | git | | Free |
| https://subversion.apache.org/packages.html | Subversion | | Free |
| https://www.mercurial-scm.org/downloads | Mercurial | | Free |

(iii)    For any additional, reasonably necessary, licensed software tools the

Receiving Party asks to be installed on the Source Code Computer(s), the Receiving Party shall

provide the CD, DVD, or website link(s) containing such tools, to the Producing Party at least ten (10) days before the Producing Party must install and make these software tools available for use on the stand-alone computer.

(iv)     To the extent a Producing Party, in the ordinary course of its business, maintains the source code to be reviewed using a Linux, Unix, Windows, or Mac OS-based system, and one or more of the above-listed software tools (or a software tool later requested by the Receiving Party to be installed, pursuant to paragraph 11(c)(iii) above) is incompatible with the Linux, Unix, Windows, or Mac OS-based system the Producing Party uses in the ordinary course of its business to maintain the source code to be reviewed, the Producing Party agrees to so notify Receiving Party in writing at least seven (7) days before the Producing Party must install the incompatible review tool pursuant to paragraphs 11(c)(iii–iv) above.  The Parties agree to cooperate in good faith to identify a substitute compatible review tool and the Receiving Party agrees to provide the CD, DVD, or website link(s) containing such tools, to the Producing Party at least five (5) days before the Producing Party must install and make the substitute software tools available for use on the stand-alone computer.

(v)     No recordable media or recordable devices, including without limitation sound recorders, personal digital assistants (PDAs), cellular telephones, peripheral equipment, cameras, voice recorders, Dictaphones, telephone jacks, CDs, DVDs, or drives of any kind (*e.g.*, USB memory sticks and portable hard drives), shall be permitted into the Source Code Review Room. No non-electronic devices capable of similar functionality shall be permitted in the Source Code Review Room.

(vi)     Non-Networked Computer for Note-Taking Purposes Only:  The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the

Source Code but may not copy or transcribe any of the Source Code into the notes.  The Receiving Party's expert(s) and/or consultant may use a single computer in the review room for the sole purpose of taking and reviewing his or her notes.  Further, the computer shall be non-networked, shall not be connected to the Internet, shall have no camera apparatus, and shall have all input/output connections disabled while taking notes or when present in the Source Code Review Room.  The taking of photographs or video shall not be permitted in the Source Code Review Room.  The Producing Party may inspect the Receiving Party's computer to be used in the Source Code Review Room to ensure it is configured as required herein.  Such inspection should not count against Receiving Party's review time, and shall be limited to not more than 30 minutes for viewing the computer as configured.  The Producing Party shall not install or insert any added functionality whatsoever as to such computer.

(vii)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.  Any observer used by the Producing Party may monitor the Receiving Party's representatives during the Source Code review so as to refrain from overhearing a conversation (in order that the Receiving Party's representatives can discuss the Source Code in the course of their review).  During the Receiving Party's review of the Source Code, the Producing Party shall not otherwise interfere with the Receiving Party's review of the Source Code and shall not be permitted access to the Receiving Party's notes, work product, or discussions inside the review room or following each day's inspection of the Source Code.  During the Source Code review, the Producing Party agrees to provide a "break-out" room for the Receiving Party's Source Code reviewer(s) to make phone calls and work.  To the extent

such a break out room is not reasonably available, the Producing Party agrees to notify the Receiving Party at least three (3) business days in advance of any day on which the Receiving Party's Source Code reviewers are expected to inspect the Source Code.  No copies of all or any portion of the Source Code may leave the Source Code Review Room except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party, but no more than 25 consecutive pages, or an aggregate total of more than 300 pages and only when reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report), to prepare for and conduct depositions, and only to the extent necessary for use in this action.[1] To the extent Receiving Party requires an aggregate total of more than 300 pages of source code, the Receiving Party shall make such request in writing, including the basis of such a request. The Producing Party will have 5 business days to object and provide a good-faith basis to object to the request. If Producing Party objects to the request, and the parties are not able to resolve the issue within ten (10) business days of the request, Receiving Party can move the Court to compel Producing Party to produce the requested source code over the 300 page limit.  The Receiving Party shall not request printing of Source Code in order to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis

---

[1] As an alternative, a Producing Party may at its sole discretion, but is not required to, opt to produce its source code on CD, DVD, or other storage media as "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Receiving Party may copy such produced source code of the Producing Party from the medium to a secured computer without Internet access or network access to other computers which must be kept in a secure location at the offices of the Receiving Party's Outside Counsel.

elsewhere, and printing is permitted only when necessary to prepare Court filings or pleadings or other papers (including a testifying expert's expert report.).  The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages requested by the Receiving Party. Within three (3) business days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party, or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring within one (1) day of any objections, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall within five (5) business days of the meet and confer move the Court for an Order compelling production and shall agree to expedited briefing of the motion.[2]  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.  Access to the Source Code Computer shall be limited to three (3) Outside Counsel representing the Reviewing Party and two (2) outside consultants or experts retained by the Reviewing Party and agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the Source Code Review Room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon seven (7) day's advance notice to the Receiving Party.

(viii)   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel

---

[2] Both Parties agree that the briefing period and page-limits for such motions for a protective order shall be as follows: (1) Producing Party shall file the motion by 5:00 PM CST no later than five (5) business days after the meet and confer with an agreed motion for expedited briefing as set forth herein; (2) Receiving Party's Response shall fall due within ten (10) days.  Both the Producing and Receiving Party further agree that briefing for such motions shall be limited to no more than five (5) pages for the motion and five (5) pages for the response to the motion.  The Parties further agree that neither reply nor sur-reply briefs shall be filed in connection with such motions.

and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room and shall maintain any such notes in a manner that prevents duplication of or unauthorized access to the Source Code.  Any such notes must be marked on each page with the designation "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party shall not be responsible for any items left in the Source Code Review Room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the Source Code Review Room following each inspection session without a prior agreement to that effect.  Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.  Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(ix)     Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel.

(x)     The Receiving Party's Outside Counsel may make no more than four (4) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11 not including copies attached to Court filings or for use at depositions (as indicated in Paragraph 11(c)(xi) below), and shall maintain a log of all paper copies of the

Source Code.  The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. No more than a total of five (5) individuals identified by the Receiving Party shall have access to the printed portions of Source Code (except insofar as such code appears in any Court filing or expert report).  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  The Receiving Party may bring copies of the printed Source Code to the deposition unless the Producing Party notifies Receiving Party in advance of the deposition that the Producing Party will provide a Source Code computer at the deposition containing all source code, in computer-searchable format, previously produced by the Producing Party.[3]  Further, the Receiving Party may bring to the deposition copies of any expert reports or pleadings containing source code, including any annotated copies of such documents containing source.

(xi)     Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code) except in preparation for or in connection with: (i) filing (under seal) and service of papers, motions, and pleadings; (ii) expert

---

[3] Such Source Code computer(s) for use during depositions must, at a minimum, meet the specifications of Paragraph 11(c)(i) and contain all software tools required to be installed pursuant to 11(c)(ii–v) above.

reports; and (iii) a hearing or trial in this matter.  Any such electronic copies shall be password protected and encrypted.  Any such electronic copies shall be included in the log generated pursuant to subsection (ix).  Access to such electronic copies of source code printouts, but not expert reports, will be limited to six (6) individuals, and such electronic copies are to be made strictly for the purposes of filings or hearings.  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order.

**12.     NOTICE OF DISCLOSURE**

(a)     Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)     the name of the Person;

(ii)     the Person's citizenship;

(iii)     an up-to-date curriculum vitae of the Person;

(iv)     the present employer and title of the Person;

(v)     an identification of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, for the last ten (10) years;

(vi)     a list of the cases in which the Person has testified at deposition or trial within the last five (5) years; and

(vii)     an identification of all pending patent applications on which the Person is named as an inventor, or in which the Person has any ownership interest.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.

(b)     Within ten (10) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period.  If the Producing Party objects to disclosure to the Person

within such ten (10) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will use or disclose Discovery Materials in a way or ways that would violate one or more provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within three (3) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have three (3) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding

the foregoing, if the Producing Party fails to move for a protective order within three (3) days after the meet and confer, further Protected Material may thereafter be provided to the Person.

## 13.     CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information; and

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such

designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**14.     SUBPOENAS OR COURT ORDERS**

If at any time documents containing Protected Information are requested or subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the Requesting Party shall immediately give written notice thereof to every Party whose Protected Information has been requested and to its counsel and shall copy Plaintiff's counsel on any such communication and shall provide each such Party with an opportunity to object to the production of such documents.  If a Producing Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the Party to whom the referenced subpoena or referenced is directed may produce such documents only after permission is granted, Court has Ordered, or the ten-day period has lapsed, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

**15.     FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a Court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     Any Party is authorized to file under seal with the Court any brief, document, or materials that are designated as Protected Material under this Order.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

**16.     INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or

protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

## 17.    INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material

with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.  Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" materials while the materials were not marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

## 18.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been

disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)      Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

## 19.     FINAL DISPOSITION

(a)      Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating all claims asserted against all Parties in each of these related cases with prejudice, including all appeals.

(b)      All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of pleadings, correspondence, and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

## 20.     DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)      Drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)      Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

21. **PRIVILEGE LOGS**

No Party shall be required to identify on their respective privilege log any document or communication related to this litigation dated on or after the filing of this lawsuit, which absent this provision, the Party would have been obligated to so identify on said privilege log.  The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents.

22. **OTHER PROCEEDINGS**

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"  pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

23. **MISCELLANEOUS**

(a)     Non-Party Use of this Order.  The Parties shall disclose this Protective Order to all non-parties producing information or material pursuant to a subpoena or Court order in these related cases.  A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information under this Protective Order, and shall be considered a Producing Party under this Protective Order.  A non-party's use of this Protective Order to protect its confidential information does not entitle that non-party access to Protected Material produced by any Party in these related cases.

(b)     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(c)     Scope of Order.  This Order applies only to discovery and pre-trial proceedings. Any use of Protected Material at trial shall be governed by one or more separate agreements or orders, if any.  Any Party planning to disclose and/or rely upon Protected Material in any court proceeding must provide notice to the Producing Party prior to disclosing such materials to allow the Producing Party an opportunity to request that the Court seal the courtroom and/or to seek other appropriate relief from the Court to prevent the public disclosure of Protected Material. Alternatively, if such notice has not and cannot reasonably be provided, the Party planning to disclose and/or rely upon Protected Material in such a proceeding must request that the Court seal the courtroom.

(d)     Production Prior to This Order.  Any document produced before issuance of this Order with the designation "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Local Rule 26.2 shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

(e)     Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination in the above-captioned matters.  The Court shall retain jurisdiction after Final Determination in these matters to hear and resolve any disputes arising out of this Protective Order.

(f)     Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(g)     Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in these related actions or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in these related actions or any other proceeding.

(h)     Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(i)     Modification by Court.  This Order is subject to further Court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the Western District of Texas is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Western District of Texas.  Protected

Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Western District of Texas.

**SIGNED** this 15th day of July, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL TECH LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:19-cv-00628-ADA |
| | § | **JURY TRIAL DEMANDED** |
| ZEBRA TECHNOLOGIES | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in the above-captioned actions. Having read and understood the terms of the Order, I agree:

1.      To be bound by the terms of the Order, including that  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

2.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

3.      I consent to the jurisdiction of the United States District Court for the Western District of Texas for the purpose of any proceeding to enforce the terms of the Order.


Name of individual: _____

Present occupation/job description:_____

Name of Company or Firm: _____

Address: _____

Dated: _____


I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____