**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| INTELLECTUAL TECH LLC,<br><br>  Plaintiff.<br><br>v.<br><br>ZEBRA TECHNOLOGIES<br>CORPORATION,<br><br>  Defendant. | Case No. 6:19-cv-00628-ADA<br>**FILED UNDER SEAL** |

**DEFENDANT ZEBRA TECHNOLOGIES CORPORATION'S OPENING BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT FOR LACK OF
STANDING PURSUANTTO FEDERAL RULES OF CIVIL PROCEDURE 56**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................................................ 1

II.    FACTUAL BACKGROUND ............................................................................................. 2

     A.    ONASSET USED THE '247 PATENT S SECURITY TO OBTAIN A LOAN FROM
          MAIN STREET ................................................................................................ 2

     B.    ██████████████████████████████████████████████ ................................................. 3

     C.    █████████████████████████████████████ ....................................................... 3

     D.    ████████████████████████████████████████████ ................... 4

     E.    ███████████████████████████████████████████████
          .................................................................................................. 5

III.   LEGAL STANDARD ......................................................................................................... 6

IV.    ARGUMENT ...................................................................................................................... 6

     A.    THIS COURT SHOULD GRANT SUMMARY JUDGEMENT BECAUSE THERE IS
          NO DISPUTE THAT IT LACKS CONSTITUTIONAL STANDING TO BRING SUIT ............ 7

     B.    ████████████████████████████████████████████████ ......................... 8

     C.    ███████████████████████████████████████████████ ............... 9

     D.    ZEBRA IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE IS NO
          ISSUE OF DISPUTED FACT AS TO IT'S LACK OF STATUTORY STANDING TO
          BRING SUIT ................................................................................................. 11

V.     CONCLUSION ................................................................................................................ 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
 No. CV 16-453-RGA, 2017 WL 3668597 (D. Del. Aug. 24, 2017) .................................... 9

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986) ...................................................................................................... 6

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*,
 434 F.3d 1336 (Fed. Cir. 2006) ................................................................................... 13

*Azure Networks, LLC v. CSR PLC*,
 771 F.3d 1336 (Fed. Cir. 2014) ............................................................................... 9, 11

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) ...................................................................................................... 6

*Clouding IP, LLC v. Google Inc.*,
 61 F. Supp. 3d 421 (D. Del. 2014) ......................................................................... 12, 13

*Diamond Coating Techs., LLC v. Hyundai Motor Am.*,
 823 F.3d 615 (Fed. Cir. 2016) ............................................................................... 12, 14

*Luminara Worldwide, LLC v. Liown Electronics Co. Ltd.*,
 814 F.3d 1343 (Fed. Cir. 2016) ................................................................................... 9

*Prima Tek II, L.L.C. v. A-Roo Co.*,
 222 F.3d 1372 (Fed. Cir. 2000) ................................................................................... 8

*Propat Int'l Corp. v. Rpost, Inc.*,
 473 F.3d 1187 (Fed. Cir. 2007) ............................................................................... 13, 14

*Rite-Hite Corp. v. Kelly Co., Inc.*,
 56 F.3d 1538 (Fed. Cir. 1995) (en banc) ................................................................. 8, 12

*Uniloc USA, Inc. v. Apple, Inc.*,
 No. C 18-00358 WHA, 2020 WL 7122617 (N.D. Cal. Dec. 4, 2020) .......................... 9

*Uniloc USA, Inc. v. Motorola Mobility, LLC*,
 No. CV 17-1658-CFC, 2020 WL 7771219 (D. Del. Dec. 30, 2020) .............................. 7

*Waterman v. Mackenzie*,
 138 U.S. 252 (1891) .................................................................................................... 12

*WiAV Sols. LLC v. Motorola, Inc.*,
 631 F.3d 1257 (Fed. Cir. 2010) ............................................................................... 7, 9

**Other Authorities**

Fed. R. Civ. P. 56 ............................................................................................................. 1

Fed. R. Civ. P. 56(a)........................................................................................................................ 6

Patent. *Morrow*.............................................................................................................................. 9

**Table of Exhibits**

| Ex. | Description |
|---|---|
| 1 | Email, dated August 20, 2021, by and between counsel for Defendant, counsel for Intellectual Tech, LLC, and the Court. |
| 2 | Transcript of an August 24, 2021 discovery hearing in the above-captioned case |
| 3 | █████████████████████████████████████████ |
| 4 | █████████████████████████████████████████ |
| 5 | █████████████████████████████████████████ |
| 6 | Excerpt of the deposition transcript of John M. Crossno, dated October 27, 2021 |
| 7 | Excerpt of the deposition transcript of Damian Burke, dated January 5, 2022 |
| 8 | █████████████████████████████████████████ |

**Table of Abbreviations**

| Abbreviation | Definition |
|---|---|
| "'247 Patent" | U.S. Pat. No. 7,233,247 |
| "2011 Patent Security Agreement" | Patent and Trademark Security Agreement entered April 18, 2011 by OnAsset Intelligence, Inc. and Main Street Capital Corporation |
| "2017 Patent Security Agreement" | Patent and Trademark Security Agreement entered June 2, 2017 by Intellectual Tech LLC and Main Street Capital Corporation |
| "Agent" | Main Street Capital Corporation |
| "Collateral Agreement" | ███████████████████████ |
| "Company Agreement" | ███████████████████████ |
| "Complaint" or "Compl." | Complaint for Patent Infringement (Dkt. 1) |
| "Contribution Agreement" | ███████████████████████ |
| "Forbearance Agreement" | ███████████████████████ |
| "Grant-Back License Agreement" or "License Agreement" | ███████████████████████ |
| "IT" | Intellectual Tech LLC |
| "Legal Initiation Date" | ███████████████████████ |

| | |
|---|---|
| "Main Street" | Main Street Capital Corporation |
| "Monetization Actions" | ███████████████████████████████████████████ |
| "Motion" or "Motion to Dismiss" | Defendant Zebra Technologies Corporation's Opening Brief in Support of Its Motion to Dismiss for Lack of Standing Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c) at D.I. 61-1 |
| "OnAsset" | OnAsset Intelligence, Inc. |
| "Order" | "Order Denying Defendant's Motion to Dismiss" at D.I. 75 |
| "Qualifying License Agreement" | ███████████████████████████████████████████ |
| "Security Agreement" | ███████████████████████████████████████████ |
| "Target" | ███████████████████████████████████████████ |
| "Zebra" | Zebra Technologies Corporation |

Defendant, Zebra[1], respectfully submits this motion for summary judgment pursuant to Fed. R. Civ. P. 56 for lack of subject matter jurisdiction due to IT's lack of constitutional and statutory standing to bring suit in its own name.

## I.     INTRODUCTION

On January 6, 2021, Zebra filed its Motion to Dismiss alleging IT lacked constitutional and statutory standing to bring suit. D.I. 061-1. This Court disagreed, and on February 2, 2021, issued an order denying Zebra's Motion finding that "Intellectual Tech LLC is the rightful owner of the '247 patent, retains the right to enforce that patent, and thus has constitutional and statutory standing to bring a patent infringement suit against Zebra." D.I. 75 at 1.

Zebra later sought discovery into whether IT and its parent company, OnAsset, had defaulted on several loan commitments to their lender, Main Street, and lost standing to bring suit. Ex. 1, May 26, 2021 Email to Court, 4-5. IT objected to Zebra's discovery requests on the grounds that the Court's order had resolved all standing issues obviating further discovery. *Id*. The Court rejected IT's argument and ordered a deposition of Main Street's representative because "if [further discovery] were to show a default, then [Zebra] would have an issue to raise with regard to plaintiff's standing in the case." Ex. 2, August 24, 2021 Hr'g Tr., 16-17.

Further discovery has established, without dispute,



*See*, *supra*, Sections II.B-II.C.

ownership in the '247 Patent—or, at the very least, all substantial rights

---

[1] Capitalized terms not otherwise defined have the meaning set forth in the Table of Abbreviations to this Motion.

in the '247 Patent—automatically transferred to, and remain with, Main Street and preclude IT from establishing constitutional or statuary standing in this case. *See*, *supra*, Section II.C.

Because there remains no genuine dispute of material fact ██████████████████████
████████████████████████████████████████ this Court should enter summary judgment of lack of constitutional and statutory standing in favor of Zebra.

## II.    FACTUAL BACKGROUND

### A.    OnAsset Used The '247 Patent s Security To Obtain A Loan From MainStreet

On April 2, 2011, OnAsset, Plaintiff IT's parent company, entered into a Loan Agreement with its lender Main Street. Ex. 3, April 18, 2011 Loan Agreement, IT026265. As a condition of the Loan Agreement, OnAsset granted a security interest in all of its property, including the '247 Patent. █████████████████████████████████████████████████████
████████████████████████ D.I. 62-2, 2011 Patent and Trademark Security Agreement, Recital B, Section 2, and Exhibit A. The security interest vested Main Street "with power of sale . . . in the Patents . . . to secure payment of the Obligations."  D.I. 62-2 at Section 2. To effectuate that security interest, Main Street received an ***irrevocable*** Power of Attorney to "enforce or use the ['247 Patent] . . . or ***grant or issue any exclusive or non-exclusive license*** under the ['247 Patent] . . . or ***to sell assign, transfer***, pledge, encumber or otherwise transfer title in or dispose of the ['247 Patent] to any third party" should OnAsset default on its Loan Agreement with Main Street. *Id*. at Section3(j) (emphasis added). The agreements also expressly conditioned OnAsset's right to "control and manage the ['247 Patent], including the ***right to exclude*** others from the making, using or selling items covered by the Patents and Trademarks" on OnAsset avoiding default under the Loan Agreement. *Id*. at Section 4 (emphasis added).

**B.**



---

[2] The specific and continuing Defaults under the Loan Agreement are identified in greater detail in Zebra's Motion to Dismiss for Lack of Standing and supporting briefing (D.I. 61-63, 72), which is specifically incorporated herein by reference.

███████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

To that end, OnAsset formed its subsidiary, IT, which upon creation was made subject to ██████

███████████████████████████ its security interest requirements and default rights.[3] █████████

████████████████████████████████████ *see* D.I. 62-8, 2017 Patent Security

Agreement; Ex. 6 at 152:16-24.

     **D.**   ██████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

---

[3] IT and Main Street also executed ██████████████████████████████████████████████
██████████████ a 2017 Patent Security Agreement. *see* D.I. 62-8, 2017 Patent Security Agreement. The 2017 Patent Security Agreement contained the same restrictions and provisions as the 2011 Patent Security Agreement. D.I. 62-8 at Sections 2, 3(j) and Exhibit A. The 2017 Patent Security Agreement expressly revoked IT's right to control, manage or enforce the '247 Patent should IT come into default. D.I. 62-8 at Section 4.

████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████

**E.**     ████████████████████████████████████████
█████████████████

████████████████████████████████████

██████████████████████████████████████ IT's default

automatically triggered Main Street's rights to the '247 Patent under the 2017 Patent Security

Agreement and divested IT of any rights it may have had in the '247 Patent—to the extent IT had

any to begin with. D.I. 62-8 at Sections 3(j), 4-6; D.I. 61-3 at IT001677.

████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████



## III.    LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Once Zebra demonstrates the absence of a genuine dispute over any material fact, the burden shifts to IT to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323–24.

The legal standards for the constitutional and statutory standing required to bring suit are recited in Zebra's Motion to Dismiss for Lack of Standing and incorporated here. D.I. 61-1, 7-9.

## IV.    ARGUMENT

This Court should grant Zebra's Motion for Summary Judgment because no disputes of

material fact exist as to IT's lack of constitutional and statutory standing. ██████████

████████████████████████████████████████████████████████████████████████████████

███████████████████ As a result, ownership of the '247 patent or, at least, all substantial

rights in the '247 Patent transferred to Main Street, divesting IT of constitutional and statutory

standing.

   A.   **This Court Should Grant Summary Judgement Because There is No Dispute
         that IT Lacks Constitutional Standing to Bring Suit**

        IT claims to hold exclusive rights in the '247 Patent pursuant to a June 2017 assignment

from OnAsset. Compl. 1 at ¶ 7. IT is wrong. Long before its June 2017 attempted assignment,

OnAsset transferred to Main Street the right to sell, assign, license and enforce the '247 Patent

███████████████████████████████████████████████████████ D.I. 62-2 at

Sections 2, 3(j), 4-6. Even if OnAsset could convey the necessary rights to IT in June 2017, it

would be of no legal consequence to IT's erroneous claim of standing. ████████████████

████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████

        Because of these defaults and the resulting transfer of patent rights to Main Street, IT

lacked exclusionary rights in the '247 Patent when it filed this suit in October 2019. Without the

right to exclude others from practicing the '247 Patent, IT cannot suffer any injury from Zebra's

alleged infringement and does not have the minimum constitutional standing to bring this suit. *See*

*WiAV Sols. LLC v. Motorola, Inc*., 631 F.3d 1257,1266 (Fed. Cir. 2010) (Parties that lack the right

to exclude others from practicing the invention cannot be injured by the alleged infringer and thus

lack constitutional standing to bring suit); *see also Uniloc USA, Inc. v. Motorola Mobility, LLC*,

No. CV 17-1658-CFC, 2020 WL 7771219, at *6 (D. Del. Dec. 30, 2020) (Granting patent rights to

a third party "has consequences. One of those consequences is the loss of the exclusionary right in

the patent.").

**B.     OnAsset's Default under the Loan Agreement Transferred its Exclusionary Rights in the '247 Patent to Main Street**

    *a)     There is no Dispute OnAsset Triggered a Default Under the Loan Agreement*

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████ This included triggering provisions in the 2011 Patent

Security Agreement that automatically vested Main Street with the right and ability to "sell,

assign, transfer, pledge, encumber or otherwise dispose of the ['247 Patent]" and "enforce the

['247 Patent] and any licenses thereunder . . ." regardless of whether Main Street exercised those

rights. D.I. 62-2 at Section 6. █████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████ OnAsset's defaults, █████████

████████████████████████████████ divested it of its exclusionary rights in the '247 Patent

before OnAsset attempted to assign its rights to IT, leaving OnAsset with no rights to assign to IT.

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████

    *b)     OnAsset's Transfer of Rights to Main Street Pursuant to its Default Deprived IT of Constitutional Standing to Sue*

██████████████████████████████████████████ OnAsset could not assign the '247

Patent to IT because OnAsset's rights in the '247 Patent had already passed to Main Street.

Because "an owner or licensee of a patent cannot convey that which it does not possess," *Prima*

*Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372,1382 (Fed. Cir. 2000) (citation omitted), OnAsset could

not convey any exclusive rights in the '247 Patent to IT. *See Rite-Hite Corp. v. Kelly Co., Inc.*, 56

F.3d 1538, 1552 (Fed.Cir. 1995) (en banc) (citation omitted).

Main Street's undisputed right to "sell, assign, transfer, pledge, encumber or otherwise dispose of the ['247 Patent]" is fatal to IT's claims of constitutional standing. If Zebra "has the ability to obtain . . . a license from another party with the right to grant it," such as Main Street, then IT "does not have an exclusionary right with respect to the alleged infringer and thus is not injured by that alleged infringer." *WiAV Solutions*, 631 F.3d at 1266; *see also Luminara Worldwide, LLC v. Liown Electronics Co. Ltd.*, 814 F.3d 1343, 1348 (Fed. Cir. 2016) ("If [the patentee] could . . . license any entity . . . , [the licensee] would not have had exclusionary rights to the asserted patents."); *Uniloc USA, Inc. v. Apple, Inc.*, No. C 18-00358 WHA, 2020 WL 7122617, at *7 (N.D. Cal. Dec. 4, 2020) (holding a lender's right to grant an unencumbered sublicense renders even the borrower/patent owner's right to exclude (and, thus, to sue) illusory)*; Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. CV 16-453-RGA, 2017 WL 3668597, at *3 (D. Del. Aug. 24, 2017) (third party's ability to license the accused infringers deprived plaintiff of standing to sue).

There is no genuine dispute that IT lacks the minimum constitutional standing required to bring this suit because, in view of Main Street's rights, IT cannot exclude Zebra from practicing the '247 Patent. *Morrow*, 499 F.3d at 1340-41. Accordingly, this Court should grant summary judgement and find that IT lacks the requisite constitutional standing to bring or maintain this suit. *See Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1347 (Fed. Cir. 2014).

**C.** ████████████████████████████████████████
████████████████████████████

Independent of the evidence above—any patent rights IT may have received from OnAsset ████████████████████████ were automatically transferred to Main Street ██████
█████████████████████████████████████████████,

further establishing that IT lacks the minimum constitutional standing to bring this suit.



Like the 2011 Patent Security Agreement, the 2017 Patent Security Agreement between IT and Main Street ***automatically*** vested Main Street "[w]hile a Default exists" with the right and ability to "***sell, assign, transfer, pledge, encumber or otherwise dispose of the['247 Patent]***" and "enforce the ['247 Patent] and any licenses thereunder" D.I. 62-8 at Section 3(j)(emphasis added). The 2017 Patent Security Agreement similarly confirms that Main Street need not take anyaction

for its rights to vest. *Id*. at Sections 6-7.

Main Street's possession of these rights precluded any injury to IT from others practicing the '247 Patent and is fatal to IT's claims of constitutional standing. Such defects in constitutional standing cannot be cured. *Azure Networks*, 771 F.3d at1347. Accordingly, this Court should grant summary judgment of no standing in favor of Zebra.

D.    **Zebra is Entitled to Summary Judgment Because There Is No Issue of Disputed Fact as to IT's Lack of Statutory Standing to Bring Suit**

IT does not hold all substantial rights in the '247 Patent and therefore lacks statutory standing to bring this suit. As discussed above, OnAsset's attempts to assign the '247 Patent to IT was ineffective and failed to transfer any substantial rights to IT. Even if OnAsset had succeeded in the assignment, the restrictions on the enforcement and alienation of the '247 Patent ██████ ████████████████, particularly when viewed with other limiting provisions in those agreements, deprived IT of all substantial rights needed to convey standing.

a)    *IT Does not Have all Substantial Rights in the '247 Patent*

IT never received substantial rights from OnAsset—let alone *all* substantialrights as required by law. This is because OnAsset did not have substantial rights when it attempted to assign them to IT ███████████████████. As discussed above, OnAsset was in default under its Loan Agreement with Main Street; ████████████████████████████. *See* Section IV.B. OnAsset's default automatically transferred to Main Street the right and ability to "sell, assign, transfer, pledge, encumber or otherwise dispose of the ['247 Patent]" and ██████ ████████████████████████████ D.I. 62-2 at Section 3(j); D.I. 61-3 at IT001689. Thus, OnAsset could not convey those rights to IT.

Even assuming, *arguendo*, that OnAsset did transfer rights to IT, that transfer was of no moment. Before filing this suit, ████████████████████████████—automatically

transferring its rights to sell, assign, license and enforce the '247 Patent to Main Street and divesting IT of any substantial rightsthat it might have received. *See* Section IV.C. Without these rights, IT cannot establish statutory standing. *Morrow*, 499 F.3d at 1340-41.

        b)    ████████████████████████████████████████

Even had OnAsset granted IT substantial rights in the '247 Patent, ███████████████
███████████████████████████████████████████████████.

Despite its title, ████████████████ did not convey "the entire right, title, and interest" in the '247 Patent. *Waterman v. Mackenzie*, 138 U.S. 252, 256 (1891) ("[w]hether a transfer of a particular right or interest under a patent is an assignment or a license does not depend upon the name by which itcalls itself, but upon the legal effect of its provisions.") (emphasis added); *Diamond Coating Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 618 (Fed. Cir. 2016) ("We have not . . . treat[ed] bare formalities of 'title' transfer as sufficient to determine that an 'assignment' of theentire exclusive right has occurred.").

Indeed, ████████████████ stripped IT of its rights to control enforcement and alienation of the '247 Patent, two of the primary rights the Federal Circuit has found determine if a party has all substantial rights.[4] *Lone Star Silicon Innovations LLC*, 925 F.3d at 1231; *see also Rite-Hite Corp.*, 56 F.3d at 1551; *see also Clouding IP, LLC v. Google Inc.*, 61 F. Supp. 3d 421, 432 (D. Del. 2014) (holding plaintiff failed to acquire legal title where "[t]he transfer of 'all rights, title, and interest' in the patents identified in the Agreement was made 'subject to the terms of this Agreement'" in which plaintiff "encumbered" several patent rights).

With respect to enforcement, ████████████████████████████████

---

[4] OnAsset falsely identifies itself as the owner of the '247 Patent on its website. D.I. 62-9, OnAsset Website Excerpt.

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████ *see Lone Star*, 925 F.3d at 1232 (holding transferee did

not possess all substantial rights in a patent where transferor retained the right to decide whether

transferee can challenge orindulge infringement); *see Intell. Prop. Dev., Inc.*, 248 F.3d 1333 ("a

transferee that receives all substantial patent rights from a transferor would never need consent

from the transferor to file suit."). ██████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████

████████████████████████ restricts IT's alienation of the '247 Patent. ████████████████

█████████████████████████████████████████████████

████████████████████████████████████ *see Aspex Eyewear, Inc. v. Miracle Optics,*

*Inc.*, 434 F.3d 1336, 1340-41 (Fed. Cir. 2006) (discussing how reversionary interests favoring the

transferor signal a transfer of fewer than all substantial rights). ███████████████████████

███████████████████████████████████████████████████████

███████████   █████████████████████████████████████████

████████████████████████████████ 6. These restrictions on IT's rights are fundamentally

inconsistent with a transfer of all substantial rights. *See Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d

1187, 1191(Fed. Cir. 2007) ("The right to dispose of an asset is an important incident of

ownership, and such a restriction on that right is a strong indicator that the agreement does not

grant [the transferee] all substantial rights under the patent.").

Several other aspects of IT's agreements further show IT lacked all substantial rights in the '247 Patent. For example, 

*See Propat*, 473 F.3d at 1191 ("the fact that [the transferor] retains a substantial share of the proceeds [of the patent] is consistent with [transferor's] retaining ownership rights in the patent").

*See Diamond Coating*, 823 F.3d at 619 ("We have held that a licensor's retention of a limited right to develop and market the patented invention indicates that the licensee failed to acquire all substantial rights." (internal quotation marks omitted)). I

There is no dispute that OnAsset and IT are in default, which has triggered Main Street's rights

When viewed, either individually or collectively, these facts establish that IT did <u>not</u>, and still does not, have *all* substantial rights in the '247 Patent. IT therefore lacked statutory standing to file this suit. On this additional and separate legal basis, Zebra respectfully requests that this Court grant summary judgment of no standing in favor of Zebra.

## V.    CONCLUSION

The foregoing establishes that there is no dispute of material fact that IT lacks an exclusionary right in the '247 Patent and therefore lacks constitutional standing to bring this suit. The foregoing further establishes that there is no dispute of material fact that IT lacks all substantial rights in the '247 Patent and lacks statutory standing to bring this suit. Accordingly, this Court should grant Zebra's summary judgment motion for lack of standing against IT.

Date: February 9, 2022                          Respectfully submitted,

                                                */s/ Brent A. Hawkins*
                                                Brent A. Hawkins*
                                                California Bar No. 314266
                                                Illinois Bar No. 6243086
                                                brent.hawkins@morganlewis.com
                                                MORGAN, LEWIS & BOCKIUS LLP
                                                One Market, Spear Street Tower
                                                San Francisco, CA 94105
                                                Telephone: (415) 442-1000
                                                Facsimile: (415) 442-1001

                                                Jason C. White
                                                Illinois Bar No. 6238352
                                                Amanda S. Williamson*
                                                Illinois Bar No. 6280051
                                                James J. Kritsas*
                                                Illinois Bar No. 6313286
                                                MORGAN, LEWIS & BOCKIUS LLP
                                                110 N Wacker Drive
                                                Chicago, IL 60606
                                                Telephone: (312) 324-1000
                                                Facsimile: (312) 324-1001

                                                Kandis C. Gibson*
                                                Washington D.C. Bar No. 988951
                                                Calvin M. Brien*
                                                Washington D.C. Bar No. 1659979
                                                MORGAN, LEWIS & BOCKIUS LLP
                                                1111 Pennsylvania Avenue, NW
                                                Washington, D.C. 20004-2541
                                                Telephone: (202) 739-3000
                                                Facsimile: (202) 739-3001

                                                *Admitted pro hac

                                                Elizabeth M. Chiaviello
                                                Texas Bar No. 24088913
                                                elizabeth.chiaviello@morganlewis.com
                                                MORGAN, LEWIS & BOCKIUS LLP
                                                1000 Louisiana Street, Suite 4000
                                                Houston, Texas 77002-5006
                                                T. 713.890.5000
                                                F. 713.890.5001

                                                ***Attorneys for Defendant***
                                                ***Zebra Technologies Corporation***

15

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on February 9, 2022, notice of the filing for the foregoing sealed document was serve on all counsel of record who have appeared in this case via the Court's CM/ECF system per Local Rule CV-5. The undersigned further certifies a true and correct copy of the foregoing document was served via electronic mail on counsel of record.

<u>*/s/ Brent A. Hawkins*</u>
Brent A. Hawkins